IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:24CR109 |
| v. | |
| PJETER GJERGJI, | MEMORANDUM AND ORDER |
| Defendant. | |

On June 10, 2024, a grand jury indicted (Filing No. 1) defendant Pjeter Gjergji ("Gjergji") on one count of possessing with intent to distribute 100 kilograms or more of a mixture or substance containing marijuana. *See* 21 U.S.C. § 841(b)(1)(B). The Indictment also set forth forfeiture allegations related to a 2000 Kenworth truck tractor and semi-trailer (the "truck") seized from Gjergji at the time of his arrest. The government resolved those forfeiture allegations administratively in August 2024 (Filing No. 17).

Gjergji filed a pretrial motion (Filing No. 32) on February 3, 2025, requesting various forms of relief and asking the Court to hold an evidentiary hearing.[1] As relevant here, Gjergji sought to suppress evidence derived from a warrant issued on October 26, 2023. He asserted that warrant—which authorized law enforcement to install a Global Positioning System ("GPS") device on the truck—lacked probable cause and could not be rescued by the good-faith exception in *United States v. Leon*, 468 U.S. 897, 922-23 (1984). The government disagreed and asked the Court to deny Gjergji's motion (Filing No. 41).

---

[1] In that motion, Gjergji asked for discovery concerning several matters relevant to the investigation in his case. He later narrowed the motion to his suppression arguments following conferral with the government. The magistrate judge confirmed with the parties that those matters were moot during a hearing on May 2, 2025.

The Court referred that motion to the magistrate judge assigned to this case.[2] *See* 28 U.S.C. § 636(b)(1) (allowing a district judge to "designate a magistrate judge to hear and determine any [nondispositive] pretrial matter" and "to conduct hearings . . . and to submit" proposed findings and recommendations regarding dispositive matters); Fed. R. Crim. P. 59; NECrimR 59.1. The magistrate judge held a telephonic hearing with the parties on May 2, 2025, at which time he denied Gjergji's request for an evidentiary hearing. *See United States v. Charles*, 125 F.4th 904, 911-12 (8th Cir. 2025) (explaining when such a hearing is required). On May 23, 2025, the magistrate judge issued his Findings, Recommendation and Order (Filing No. 46) recommending the Court deny Gjergji's motion to suppress.

There, the magistrate judge concluded the affidavit submitted in relation to the October 26, 2023, warrant application "establishe[d] a reasonable nexus between the illegal activity and the" truck. In thoroughly describing the information provided in that application, the magistrate judge explained how the totality of the investigatory findings referenced in the application demonstrated a strong likelihood that the truck was involved in interstate drug trafficking. He then went on to reject Gjergji's argument that *Leon*'s good-faith exception was inapplicable. Finally, the magistrate judge reasoned that the subsequent traffic stop of the truck in Buffalo County, Nebraska—which led to a search that found drugs—was valid.

Now before the Court are Gjergji's objections (Filing No. 48) to the magistrate judge's findings and recommendation. He believes the magistrate judge erred in finding (1) "there was sufficient probable cause in the officer's probable cause affidavit to secure a GPS warrant," (2) the *Leon* good-faith exception "rehabilitate[s] the taint from [any] defective warrant in this case," and (3) the traffic stop of the truck was valid. The government, on the other hand, maintains the magistrate judge got it right (Filing No. 50).

---

[2]The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

Having conducted the requisite de novo review of the challenged portions of the magistrate judge's Findings, Recommendation and Order, s*ee* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), the Court agrees with the magistrate judge that the challenged warrant application contained information that was "more than sufficient" to establish probable cause. *See United States v. Kucharo*, 127 F.4th 1152, 1158 (8th Cir. 2025) ("So long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983))); *United States v. Saddler*, 19 F.4th 1035, 1039 (8th Cir. 2021) ("In reviewing whether there was probable cause to issue the warrant, we give the issuing magistrate's determination 'great deference,' examining the sufficiency of the supporting affidavit 'using a common sense and not a hypertechnical approach.'" (quoting *United States v. Grant*, 490 F.3d 627, 631-32 (8th Cir. 2007))). The magistrate judge was also correct in concluding that, had the affidavit lacked probable cause, the *Leon* good-faith exception would preclude suppression here.[3] Accordingly,

IT IS ORDERED:

1. Defendant Pjeter Gjergji's objections (Filing No. 48) to the magistrate judge's Findings, Recommendation and Order (Filing No. 46) are overruled.
2. The magistrate judge's findings and recommendation concerning the sufficiency of the October 26, 2023, warrant and the *Leon* good-faith exception are accepted.
3. Gjergji's motion to suppress evidence (Filing No. 32) is denied.

---

[3]From the Court's review of his motion, it doesn't appear Gjergji challenged the legality of the traffic stop of the truck itself but merely argued that the stop arose from the purportedly invalid GPS-tracking warrant. *See Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963). Because the Court finds that warrant was valid, the magistrate judge's analysis regarding the legality of that stop is not necessary to its disposition of Gjergji's motion.

Dated this 2nd day of July 2025.

                                              BY THE COURT:

                                              Robert F. Rossiter, Jr.
                                              Chief United States District Judge